UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHAEL J. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-364-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| COMMONWEALTH OF KENTUCKY, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

**** **** **** ****

Michael J. Brown is a resident of Lexington, Kentucky. Proceeding *pro se*, Brown has filed a Complaint under to 28 U.S.C. § 1331, alleging violations of the Thirteenth, Fourteenth, and Fifteenth Amendments of the United States Constitution and violations of Titles 28 and 42 of the United States Code. [Record No. 4, p. 4] Brown names two defendants: Kentucky Governor Steve Beshear and the Commonwealth of Kentucky. For relief, Brown requests unspecified damages, "as the federal Court may see fit to award" and "a stay on 2 minor misdemeanor District Court cases now pending and or dismissal as they arise from Plaintiffs Complaint of oppression and deprivation by Ky Officials." [Record No. 4, p. 8]

Because Brown is proceeding *in forma pauperis* and asserting claims against government officials, the Court conducts a preliminary review of Brown's Complaint. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Brown's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court has given Brown's Complaint a liberal and broad construction and will evaluate any cause of action which can reasonably be inferred from the allegations he has made. However, as discussed below, his Complaint will be dismissed for failure to state a constitutional claim against any of the defendants upon which relief can be granted.

## I.

Brown's claims apparently arise from the alleged murder of his great grandfather, Wingfield Harris, in 1914. [Record No. 4, p. 2] According to Brown, the murder is "still unsolved," and Harris was subsequently buried in "Lexington National Cemetery" under the name "Wingfield Nelson." [*Id.*] Over one hundred years later, Brown states that Governor Beshear "inherited the notorious past abuse of the legal process," citing the "[l]ong standing, still persisting, deprivation and uncorrected unequal treatment of 40,000 United States Colored Troops (U.S.C.T.) from Ky. who fled Ky. to fight in the Civil War, my Great Grand Dad included." *Id.* Brown alleges that the state failed to protect his ancestor's "equal rights, heritage, family ties, prestige, honors, [and] memory." *Id.* Elaborating, Brown states:

> Because the truth has not been told, nor violations acknowledged nor remedied, my Great Grand Dad's accomplishments due to Ky officials fraud in

-2-

burying him under a name on his stone, not recorded on his official Death Certificate, made me ignorant of him as a Ky hero throughout my education, college, Honorable army military service and 20 yrs of street & radio Christian ministry. Hiding these heroic accomplishments of the 40,000 U.S.C.T. & my Great Grand Dad, also creating in Ky an un-American atmosphere of deprivation still throughout all Ky., resulting also in my inability to enjoy freedoms others take for granted as to life, liberty & happy pursuits. A life long environment, in Ky, of discrimination by Court officials, education officials, social officials, state & local & business officials, of every sort, who freely feel comfortable looking upon my heritage & stolen birth right in Wingfield with an evil eye, dealing with me & those like me with an uneven hand; this atmosphere fostered by early Ky officials and never even addressed by present day officials, thus causing crime, kaos [sic] & violence in all our families; God's favor available in large part to none of us, contrary to the American creed of Justice and Liberty for all.

[Record No. 4, pp. 3-4]

Against this backdrop, Brown claims that the defendants have violated his rights under the Thirteenth, Fourteenth, and Fifteenth Amendments of the U.S. Constitution. Brown also claims violations of Titles 28 and 42 of the United States Code. [Record No. 4, p. 4]

## II.

### A.     Standing and Pleading Requirements

Article III of the United States Constitution limits the power of the federal judiciary to the adjudication of "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. From this limitation, federal courts have "deduced a set of requirements that together make up the irreducible constitutional minimum of standing." *Lexmark Int'l, Inc. v. Statis Control Components, Inc.*, 134 S. Ct. 1377, 1388. (2014). To satisfy these requirements and establish standing, a plaintiff must show: (1) that he suffered an injury in fact, (2) that the injury is

fairly traceable to the defendants' conduct, and (3) that the injury is likely to be redressed by a favorable decision from the Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Brown appears to have filed the present Complaint, not only on his own behalf, but also on behalf of his deceased great grandfather, and perhaps numerous other African-American citizens of Kentucky who fought in the Civil War, and whose constitutional rights have allegedly been violated. Generally, a plaintiff may not rest a claim for relief on the legal rights or interests of third parties. *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004). There are exceptions to this limititation – such as where a close relationship exists between the party asserting the right and the party possessing it, or where a hindrance exists to the possessor's ability to protect the right, *id.* at 129-30 – but none applies here. The relationship between Brown and his great grandfather (or any other Civil War soldiers) does not resemble the close relationship of the lawyer-client, doctor-patient, or parent-child relationships recognized by the Supreme Court. *Id.* Thus, Brown has legal standing to assert only his own constitutional rights. *See Whitmore v. Arkansas*, 495 U.S. 149 (1990). Unless a plaintiff alleges that he was *personally* harmed and that the harm was fairly traceable to the defendant's alleged unconstitutional conduct, he does not satisfy the Article III standing requirements. *Allen v. Wright*, 468 U.S. 737, 751 (1984). Given the present posture of this case, Brown has no standing to assert any claims on behalf of any person other than himself.

Regarding Brown's claims on his own behalf, the Court previously advised Brown that his original Complaint failed to satisfy the minimum pleading requirements of Fed. R.

Civ. P. 8. [Record No. 3] The Court gave Brown the opportunity to amend his Complaint to correct the deficiency and provide a short and plain statement of the facts establishing grounds for relief and a demand for the relief sought. However, Brown's prolix Amended Complaint fails to remedy the flaws of the original pleading. Brown does not specify how he has been injured by the alleged past acts of discrimination against African-Americans, and his generalized statements are not a short and plain statement of the facts. Accordingly, his case will be dismissed for failing to state a claim upon which relief may be granted.

**B.     Capacity**

Assuming *arguendo* that Brown has standing to bring this action, he does not specify whether he is suing Defendant Beshear individually or in his official capacity as a government employee. Where the pleadings fail to indicate that the plaintiff intended to sue the defendant in his individual capacity, the defendant is presumptively sued in his official capacity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

The official-capacity claim against Governor Beshear will be dismissed because state officials sued for damages in their official capacities are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). A state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for purposes of a § 1983 or constitutional claim. *Id.*; *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). As a result, to the extent that Brown is seeking monetary relief from Kentucky Governor Steve Beshear in his official capacity,

the claim will be dismissed for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Injunctive Relief**

In addition to his claim for monetary relief, Brown also seeks "a stay on 2 minor misdemeanor District Court cases now pending and or dismissal as they arise from Plaintiff's Complaint of oppression and deprivation by Ky. Officials."  [Record No. 4, p. 8] Given this statement, it appears that Brown is currently facing charges pending in District Court (presumably Fayette District Court).  Insofar as Brown is requesting that this Court either stay or dismiss state court cases, he misunderstands the role of this Court.  The federal district court is not authorized to interfere with any aspect of any proceeding involving Brown, either as a plaintiff or as a defendant, that is currently pending in a state district court. Such action by is barred by *Younger v. Harris*, 401 U.S. 37 (1971) (directing abstention by the federal courts if matters are pending in a state proceeding as a matter of comity between state and federal courts).   In the alternative, if Brown is seeking review of state-court litigation, he is advised that this Court may not accept state-court appeals of civil cases under the *Rooker-Feldman* doctrine.  Instead, "a party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States."   *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)).  If Brown is displeased with the disposition of his litigation in state district court, his remedy is to pursue appeals of that decision through Kentucky's

appellate courts – to the level of the Supreme Court of Kentucky – and then on to the Supreme Court of the United States.  Filing an action in federal court affords him no remedy.

**III.**

For the reasons discussed above, it is hereby

**ORDERED** that Plaintiff Complaints [Record Nos. 1, 4] are **DISMISSED**, *sua sponte*, for failure to state a claim for which relief can be granted.  Judgment shall be entered in favor of the named defendants.

This 30th day of March, 2015.



Signed By:

***Danny C. Reeves***   *DCR*

**United States District Judge**